IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CONOCOPHILLIPS COMPANY,

                Plaintiff,             Case No. 3:05 CV 7131

   -vs-

                                          MEMORANDUM OPINION\
MICHAEL SHAFFER, etc., et al.,          AND ORDER

                Defendant.

KATZ, J.

      The Plaintiff has filed a motion to dismiss counterclaims, to require a more definite statement and to strike affirmative defenses. (Doc. Nos. 36 & 21). The Defendants have filed a response and the Plaintiff a reply. After fully considering the positions of the parties, the Court will strike Affirmative defenses 15 and 17, with leave to amend affirmative defense 17 to state it with the requisite particularity as hereinafter set forth. In all other respects the motion of the Plaintiffs will be denied.

ANALYSIS

*1. Motion for More Definite Statement regarding Defamation Claim*

      Rule 9(b) does not apply to defamation claims; those claims need only be stated in accordance with Rule 8 of the Federal Rules of Civil Procedure. The Sixth Circuit, in an unpublished opinion, recently held that a complaint in a defamation action was adequate where it satisfied the requirements of notice pleading under Rule 8 and alleged all of the proper elements of a defamation claim. *Wright v. Sodexho Marriott Servs.*, 30 Fed. Appx. 566, 567 (6th Cir. 2002) (unpublished); that case was cited by this

Court in *Ziegler v. Findlay Industries*, 2005 U.S. Dist. LEXIS 15936, at *9-10 (N.D. Ohio Aug. 5, 2005).

In *Wright*, the district court granted the defendant's Rule 12(b)(6) motion because the plaintiff "had not alleged the substance of the slanderous words." *Id*. at 566. Citing the elements of a defamation claim under Tennessee law, the Sixth Circuit reversed, finding that the plaintiff had alleged all the elements of the defamation claim.

In two earlier cases, the Northern and Southern Districts of Ohio had split on whether the defamatory words must be substantially set forth in the complaint. In *Sorin v. Bd. of Educ.*, 464 F. Supp. 50 (N.D. Ohio 1978) (Manos, J.), this District held that, "[t]o state a cause of action for defamation, the allegedly defamatory statement must be set forth in the complaint substantially in the language uttered." 464 F. Supp. at 53 (citing the Southern District of New York, the District of New Jersey, and Wright & Miller). In *Baxter Travenol Laboratories, Inc. v. Le May*, the Southern District held that:

> [T]he Federal Rules of Civil Procedure, not state rules, govern the adequacy of the pleading herein. While the substantive resolution of counterclaims entertained by a federal court pursuant to ancillary or pendent jurisdiction (as herein) are governed by state law, the sufficiency of pleadings is clearly a matter of "procedure", not "substance", and is governed by federal law. Moreover, this Court notes with interest that Ohio law parallels the generally relaxed pleading requirements of the Federal Rules, in actions for libel or slander. An Ohio statute simply requires that "it is sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff." O.R.C. § 2739.01. Case law interpreting this provision has held that <u>neither the time or place,</u> *Fenyn v. Fenyn*, 11 Ohio N.P. (n.s.) 17, 25 Ohio Dec. 385 (Hamilton Cty.C.P.Ct.1910), <u>nor the precise words need be alleged in a petition.</u> *Petransky v. Repository Printing Co.*, 51 Ohio App. 306, 200 N.E. 647, 20 Ohio L. Abs. 491 (Mahoning Cty.App.Ct.1935).
>
> Under the Federal Rules, it is only necessary that averments in a pleading be "simple, concise, and direct." Rule 8(e)(1). <u>It is, therefore, not necessary to adhere to the</u>

2

> *strict pleading requirements for libel and slander actions that existed at common law.* See *Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir. 1980); 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1245 at 222 (1969). This Court declines to follow the statements to the contrary found in *Sorin v. Board of Education of the City School District of Warrensville Heights*, 464 F. Supp. 50, 53 (N.D.Ohio 1978). In holding that the language of allegedly defamatory statements must be set out in the complaint, the *Sorin* Court simply cited the treatise by Professors Wright and Miller. *Id*. However, as pointed out above, *the treatise authors observed that technical rules of pleading for defamation do survive in some federal decisions, but argued that such decisions are inconsistent with the liberalized requirements of Rule 8(e)(1).*

*Baxter Travenol Labs., Inc. v. Le May*, 93 F.R.D. 379, 381 (S.D. Ohio 1981) (some internal citations omitted) (emphasis added).

In light of *Wright* and *Baxter*, it is this Court's determination that a motion for a more definite statement must be and is denied.

## 2. Motion for More Definite Statement as to Other Counter Claims

After a thorough review, though some elements of the respective causes of action regarding tortious interference and deceptive trade practices might overlap, the Court finds that Rule 8 has been met as to all of the counterclaims and will deny the motion of the Plaintiff to strike the same.

## 3. Motion to Strike Affirmative Defenses

Rule 12(f) permits the Court to act with discretion in that it <u>may</u> strike irrelevant and superfluous defenses or let them stand. There is absolutely no harm in letting them remain in the pleadings if, as the Plaintiff contends, they are inapplicable. Additionally, the Court feels that the Defendant is correct that the contract-based defenses actually <u>may be</u> applicable, even as to the tort claims. A contract can often be a defense to a tort claim, as when a license prevents an action for trespass.

However, the Court agrees with Plaintiff that the intentional tort of "spoliation of evidence" is a *cause of action* in Ohio, not an affirmative defense. It does not negate a claim and is, therefore, not to be classified as an affirmative defense. If discovery results in a demonstration that the Plaintiff has been guilty of spoliation of evidence, that will go to the weight and credibility of Plaintiff's evidence. The Court does not fined that the spoliation issue is a "defense" comparable to that of waiver or estoppel, both of which must be set out affirmatively in a responsive pleading.

*4. Motion for More Definite Statement as to Affirmative Defenses*

Affirmative Defense 17 violates Rule 9(c). As Defendant points out, Rule 8(c) merely requires affirmative defenses to be affirmatively set forth, but does not require even a short and plain statement. Additionally, Rule 12(e) only applies to a pleading to which a responsive pleading is permitted. Since Plaintiff may not file a response to Defendant's statement of its affirmative defenses, there is no need for a more definite statement.

Rule 9(c) as it applies to Affirmative Defense 17 requires denial or performance or condition precedent to be set forth with particularity. Plaintiff's contention is correct that "The Complaint is barred by failure of conditions precedent" in Defense 17 violates Rule 9(c).

With respect to Affirmative Defense 13, Rule 9(a) only requires the pleader to set forth particulars as to a lack of capacity to sue that are peculiarly within the pleader's knowledge. Defendant has done so.

## CONCLUSION

4

Plaintiff's motion is denied with the exception that the Court will strike Affirmative Defenses 15 (spoliation of evidence) and 17 (failure of condition precedent), with leave to amend as to Defense 17 to state it with the requisite particularity.

IT IS SO ORDERED.

                                                     s/ *David A. Katz*
                                                     DAVID A. KATZ
                                                     SENIOR U. S. DISTRICT JUDGE